# Kasowitz LLP

Sheron Korpus
Direct Dial: (212) 506-1969
Direct Fax: (212) 500-3469
SKorpus@kasowitz.com

1633 Broadway
New York, New York 10019
(212) 506-1700
Fax: (212) 506-1800

Atlanta
Houston
Los Angeles
Miami
Newark
San Francisco
Silicon Valley
Washington DC

July 24, 2025

Honorable Nelson S. Román
United States District Court Judge
Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St. White Plains, NY 10601-4150

Re:   *Aprahamian v. Bihari et al.*, No. 7:24-cv-09045

Dear Judge Román:

We represent defendant Teva Pharmaceuticals USA, Inc. ("Teva") in the above-referenced action, and write to update the Court on matters relating to Teva's pending motion to dismiss Plaintiff's complaint (the "Complaint"). (ECF No. 64.)

In that motion, we noted that Plaintiff Ara Aprahamian's claims in this case overlap substantially with those alleged in the vast multi-district litigation pending in the Eastern District of Pennsylvania, featuring dozens of putative class actions, as well as direct action claims, concerning alleged antitrust violations in the generics pharmaceutical industry (the "MDL").[1] (Mov. Br. at 9-10, Rep. Br. at 2, 5-6). In the MDL, Mr. Aprahamian was deposed on September 27, 2023. During that deposition, Mr. Aprahamian declined to provide any substantive testimony, and instead invoked the Fifth Amendment in response to nearly every question posed. At the time, Mr. Aprahamian was under indictment by the United States Department of Justice ("DOJ") for alleged criminal violations of the Sherman Act.[2]

After the DOJ dismissed with prejudice the criminal charges against Mr. Aprahamian in December 2023 -- which dismissal forms the basis of Mr. Aprahamian's claims in this case -- Teva, as well as certain other Defendants in the MDL, moved to compel Mr. Aprahamian to sit for another deposition, and this time to provide substantive testimony. Mr. Aprahamian vigorously opposed that motion.[3]

On June 16, 2025 (shortly after Teva's motion to dismiss the Complaint was fully briefed), the judge presiding over the MDL (Judge Cynthia M. Rufe) entered an order granting defendants' motion, compelling Mr. Aprahamian to sit for a second deposition, while permitting

---

[1] *See In re Generic Pharms. Pricing Antitrust Litig.*, 16-MDL-2724-CMR (E.D. Pa.).
[2] *See* No. 2:16-md-02724-CMR (E.D. Pa. June 6, 2025), ECF No. 3440 at 4-5.
[3] *See* No. 2:16-md-02724-CMR (E.D. Pa. June 16, 2025), ECF No. 3463 at 3-4.

KASOWITZ LLP

Honorable Nelson S. Román
July 24, 2025
Page 2

Mr. Aprahamian "to assert the privilege against self-incrimination as to matters in which he can in good faith assert that he has a reasonable fear of prosecution."[4]

On Monday, July 14, counsel for Mr. Aprahamian in the MDL informed defendants that Mr. Aprahamian intends to invoke the Fifth Amendment in response to all substantive questions at his second deposition. Given the substantial overlap between this case and the MDL, it seems that Mr. Aprahamian may also invoke the Fifth Amendment when he is deposed in this case. Mr. Aprahamian cannot do so while continuing to prosecute this case. Court after court has held that a party attempting to use the Fifth Amendment as both a sword and a shield "may face sanctions, including dismissal of the action." *Fisch v. Fidelcor Bus. Credit Corp.*, 1993 WL 312245, at *1 (S.D.N.Y. Aug. 6, 1993); *see also Sindona v. Tisch*, 1979 U.S. Dist. LEXIS 13206, at *5 (S.D.N.Y. Apr. 6, 1979) ("where plaintiff has voluntarily come into court to assert claims against a defendant, he cannot utilize his constitutional privilege as a sword to frustrate that defendant's right to prepare a defense" and ruling that if plaintiff does not participate in discovery, action will be dismissed with prejudice). We attempted to contact Mr. Aprahamian's counsel in this case to learn his position, but have yet to hear from counsel.

Even if Mr. Aprahamian does provide substantive testimony in this action, he should not be permitted to turn around and waive the privilege when it is convenient for him as plaintiff. Indeed, the Second Circuit has expressly warned courts against allowing such "a manipulative, 'cat-and-mouse approach'" and thus "a trial court may be fully entitled, for example, to bar a litigant from testifying later about matters previously hidden from discovery through an invocation of the privilege." *United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 85 (2d Cir. 1995).

Teva therefore respectfully requests that the Court dismiss all claims in the Complaint against it with prejudice.

Respectfully submitted,

*/s/ Sheron Korpus*
Sheron Korpus

---

[4] *Id*. at 5. A copy of this Order is attached hereto.