

Jon L. Norinsberg
John J. Meehan

Arjeta Albani

825 Third Ave
Suite 2100
New York, NY 10022

One World Trade Center
85th Floor
New York, NY 10007
jon@norinsberglaw.com

July 28, 2025

**VIA ECF**
Honorable Nelson S. Román
United States District Court Judge
United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    <u>*Aprahamian v. Bihari et al.*</u>
                <u>*Case No. 24 Civ. 09045 (NSR)*</u>

Dear Judge Román:

      We represent Plaintiff Ara Aprahamian in the above-captioned matter. We write in response to Defendant Teva Pharmaceuticals USA, Inc.'s letter dated July 24, 2025 (ECF No. 91), which purports to update the Court on discovery-related developments in the multi-district litigation ("MDL") pending in the Eastern District of Pennsylvania, and references Mr. Aprahamian's prior invocation of the Fifth Amendment in that separate proceeding.

      Teva's submission is premature. The Federal Rules of Civil Procedure make clear that discovery should not commence until the parties have conferred under Rule 26(f) and the Court has entered a scheduling order pursuant to Rule 16(b). <u>See</u> Fed. R. Civ. P. 16(b)(2) ("[T]he judge must issue the scheduling order… after receiving the parties' report under Rule 26(f)…"); Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)…"). As of this writing, no Rule 16 conference has occurred, no case management plan has been entered, and no discovery schedule is in place. Accordingly, Teva's attempt to litigate speculative discovery issues in advance of formal proceedings is improper and should be disregarded.

      Teva's concern that Plaintiff may refuse to testify in this case is also entirely unfounded. Plaintiff's counsel has made clear—specifically to counsel for Defendant Sandoz and indirectly to all Defendants—that Mr. Aprahamian will testify fully and without restriction when deposed in this action. While Mr. Aprahamian invoked the Fifth Amendment during a prior deposition in the MDL action, that decision was made based on strategic concerns expressed by separate counsel representing him in that matter—concerns that have no bearing on this civil case and do not reflect any intent to assert the Fifth Amendment here.

Courts routinely recognize that a witness's invocation of the Fifth Amendment in one proceeding does not restrict or preclude that witness from testifying in another. See, e.g., United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y., 55 F.3d 78, 84 (2d Cir. 1995) ("The district court should, in general, take a liberal view towards such application[s], for withdrawal of the priviliege allows adjudication based on consideration fo all the material facts to occur""); SEC v. Graystone Nash, Inc., 25 F.3d 187, 191 n.3 (3d Cir. 1994) ("A trial court must carefuly balance the interests of the party claming protection against self-incrimination and the adversary's entitlement to equitable treatment."). Consistent with these principles, Mr. Aprahamian's prior invocation of the Fifth Amendment in the MDL proceedings has no bearing on his right to provide relevant testimony in this proceeding.

To the extent Teva or any other Defendant seeks relief relating to discovery or deposition practice, those issues should be addressed at the appropriate time—after a Rule 26(f) conference and the Court's Rule 16 scheduling order. Until then, Teva's speculation about Plaintiff's anticipated conduct in discovery is both inaccurate and procedurally premature.

We thank the Court for its attention.

Respectfully submitted,

Jon L. Norinsberg, Esq.